UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                        :
Lisa Dibenedetto,                                       :
                                                        :
                    Plaintiff,                          :
                                                        :          **ORDER**
            -against-                                   :
                                                        :          05-CV-4357 (DLI)(KAM)
Dennis McDonald, Sloane Elizabeth                       :
McDonald, Crocifiss Monachello, and                     :
Gianni Monachello,                                      :
                                                        :
                    Defendants.                         :
--------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

The complaint in this action was filed on September 14, 2005.[1] Plaintiff, a New York resident, alleges that she sustained injuries from a car accident that occurred on the New Jersey Turnpike in September 2003. On January 27, 2006, defendants Crocifiss and Gianni Monachello filed a letter requesting a pre-motion conference to file a motion to dismiss for lack of personal jurisdiction. By order dated February 1, 2006, the court scheduled a pre-motion conference for February 22, 2006. On February 22, 2006, none of the parties appeared for the pre-motion conference. At a conference before this court on March 14, 2006, the court deemed the January 27, 2006 pre-motion conference request letter a motion and granted the request of defendants Dennis and Sloane Elizabeth McDonald to join in the motion. The court ordered plaintiff to file a response,

---

[1] As determined by correspondence from counsel and the pre-motion conference, this action was originally commenced in the U.S. District Court for the Southern District of New York, on February 28, 2005, under Docket No. 05 Civ. 2424. On May 23, 2005, defendants in that action moved to dismiss on the same grounds raised herein. On September 14, 2005, plaintiff refiled the action in this court without withdrawing the matter before the Southern District.

1

if any, by April 4, 2006. Plaintiff did not file a response by this date and, on April 7, 2006, the court entered an order that the motion would be deemed unopposed if plaintiff did not file a response by April 13, 2006. On April 17, 2006, the court granted plaintiff one last extension, until April 24, 2006, to file a response, with the admonition that failure to do so would result in the motion being deemed unopposed. To date, plaintiff has not filed a response, and the motion is deemed unopposed.

For the reasons that follow, the court grants defendants' motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Federal Rule of Civil Procedure 4(k)(1) provides that, in diversity cases, state law governs whether a federal district court has personal jurisdiction over a defendant based on service of process.[2] New York law provides for personal jurisdiction over a non-domiciliary who:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

None of the circumstances referenced above applies to the instant matter. The accident occurred in New Jersey. Defendants Dennis and Sloane Elizabeth McDonald reside in and are

---

[2] The court assumes that defendants were validly served with process, as defendants do not contest it.

citizens of Pennsylvania.[3] Defendants Crocifiss and Gianni Monachello reside in and are citizens of New Jersey. Plaintiff has given no indication that defendants transacted any business within New York, committed any tort in New York, regularly solicit business in New York, or satisfy any of the other factors in N.Y. C.P.L.R. § 302(a). Defendants apparently have no connection to the State of New York or its citizens, and there is no personal jurisdiction over them. The instant action is dismissed under Fed. R. Civ. P. 12(b) for lack of personal jurisdiction.

SO ORDERED.

DATED: Brooklyn, New York
July 10, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge

---

[3] Though plaintiff does not specifically state in her complaint that Sloane Elizabeth McDonald is a resident of Pennsylvania—seemingly an oversight, as residency information is included for the other three defendants—she does allege that this defendant was the owner of a vehicle, bearing a Pennsylvania license plate, that was involved in the accident. According to the complaint, this same vehicle was allegedly owned by defendant Dennis McDonald, presumably jointly with Sloane Elizabeth McDonald. As plaintiff has provided no information to the contrary, the court assumes that Sloane Elizabeth McDonald is a resident of Pennsylvania.